IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARENTA JAVON COOPER, | ) | CASE NO.  5:24-CV-02142-BMB |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| vs. | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| WARDEN BILL COOL, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Defendant. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the Petition of Larenta Javon Cooper ("Cooper" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Cooper is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Cooper*, Stark County Court of Common Pleas Case No. 2021 CR2429.  For the following reasons, the undersigned recommends that the Petition be DISMISSED.

## I.    Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011).  The state appellate court summarized the facts underlying Cooper's conviction as follows:

> {¶2} The following evidence is adduced from the record of the suppression hearing on March 14, 2022, at which Ptl. Michael Brown of the Canton Police Department was the sole witness.

1

{¶3} Brown testified that on October 31, 2021, he was the passenger in a Jackson Township Police cruiser driven by an unnamed Jackson Township Police officer.[1] That evening, Brown and the Jackson officer were participating in a joint Violence Interdiction Patrol, which Brown described as "directed patrol overtime" in which officers increased police presence in noted trouble areas, specifically, bars in the city of Canton and Jackson Township. Brown and the Jackson officer were in the vicinity of the Boom-Boom Room, which is not a bar but had a crowd that evening because of a concert or social event.

{¶4} The Jackson officer drove while Brown ran plates on the in-car computer. The Jackson officer asked him to run a plate reading "KINGME3." Brown testified the requested registration "popped up red in the system," i.e. the screen was red, without further explanation. Brown testified that in a Canton police cruiser, if he runs a registration and the information comes back red, it means there is some problem with the registration such as a stolen vehicle, a warrant for the registered owner, or an expired tag. The Canton cruiser computer would provide further information including an explanation why the registration was red, such as "stolen vehicle" or "expired registration." In the instant case, there was no such explanation, and Brown was not able to clarify what the red indication meant in a Jackson Township cruiser.

{¶5} Brown told the Jackson officer to "flip around" and follow the "KINGME3" vehicle, a blue Mazda. The cruiser made a U-turn behind the vehicle and Brown again ran the plate. As he did so, the Jackson officer illuminated lights and sirens to effectuate a traffic stop, but the Mazda sped away.

{¶6} The cruiser pursued the Mazda through the crowded parking lot of the Boom-Boom Room to an alley; the Mazda ran a stoplight at an access road to Cleveland Avenue and proceeded toward the 1800 block. The vehicle stopped abruptly when the driver struck steel cables connected to a telephone pole at the side of the road.

{¶7} Appellant was the sole occupant of the vehicle; after the crash, he got out of the car and police "felony stopped" him, meaning their weapons were drawn and they gave appellant verbal commands to come back to the scene. Appellant failed to obey the verbal commands and proceeded toward the front of the wrecked car.

{¶8} A maroon vehicle pulled up beside the Mazda briefly and spoke with appellant. An officer later contacted the occupants of the maroon vehicle and Brown testified the driver was possibly appellant's sister.

{¶9} Appellant was apprehended and placed in a cruiser. A large amount of currency and a digital scale were found upon his person. A subsequent

2

search of the interior of the vehicle found a quantity of marijuana, and a police sergeant found four bags of narcotics in the broken casing of the front driver's-side headlight of the vehicle, the smashed headlight appellant had walked toward before he was apprehended.

*Jury trial of May 10*

{¶10} The evidence adduced from the record of appellant's jury trial was identical in many respects to the evidence at the suppression hearing. Appellee presented the evidence of Brown's body cam video and presented more evidence arising from appellant's stop and arrest. Sgt. Slone heard over the radio that Brown was in pursuit of a vehicle and came to the scene. He searched appellant's vehicle and found an open container, marijuana, and four cell phones. He walked around the exterior of the crashed vehicle to inspect the damage and noticed the headlight housing was torn apart when it struck the steel cable. Slone immediately observed four bags of narcotics in the wrecked headlight and advised Brown. The narcotics appeared to have been thrown into the housing of the headlight.

{¶11} Appellant was not the vehicle's registered owner. The owner did appear on the crash scene, but Brown was not aware how she was notified of the crash.

*Indictment, suppression, trial, and conviction/acquittal*

{¶12} Appellant was charged by indictment as follows: one count of trafficking in heroin pursuant to R.C. 2925.03(A)(1) and/or (A)(2)(C)(6)(e) [Count I], a felony of the second degree; and one count of possession of heroin pursuant to R.C. 2925.11(A)(C)(6)(d) [Count II], a felony of the second degree; one count of trafficking in a fentanyl-related compound [Count III], a felony of the second degree; one count of possession of a fentanyl-related compound pursuant to R.C. 2925.11(A)(C)(11)(d) [Count IV], a felony of the second degree; one count of aggravated trafficking in drugs pursuant to R.C. 2925.03(A)(2)(C)(1)(c) [Count V], a felony of the third degree; one count of aggravated possession of drugs pursuant to R.C. 2925.11(A)(C)(1)(b) [Count VI], a felony of the third degree; one count of trafficking in cocaine pursuant to R.C. 2925.03(A)(2)(C)(4)(a) [Count VII], a felony of the fifth degree; one count of possession of cocaine pursuant to R.C. 2925.11(A)(C)(4)(a) [Count VIII], a felony of the fifth degree; and one count of failure to comply with an order or signal of a police officer pursuant to R.C. 2921.331(B)(C)(5)(a)(i) and/or (ii) [Count IX], a felony of the third degree. Appellant entered pleas of not guilty.

{¶13} On February 17, 2022, appellant filed a motion to suppress evidence flowing from the traffic stop, which he argued was not premised upon reasonable suspicion. Appellee responded with a memorandum in

3

opposition. The trial court held an evidentiary hearing on March 14, 2022, and overruled the motion to suppress by judgment entry dated March 31, 2022.

{¶14} The matter proceeded to trial by jury. Appellant was found not guilty of the trafficking offenses [Counts I, III, V, and VII] and guilty of the remaining counts [Counts II, IV, VI, VII, VIII, and IX].

{¶15} Appellant appeared before the trial court for sentencing on May 16, 2022. The trial court imposed a total aggregate indefinite prison term of 11 to 14 years.

*State v. Cooper*, 2023-Ohio-2897, 2023 WL 5321088, at **1-2 (Ohio Ct. App. Aug. 18, 2023).

## II.     Procedural History

### A.     Trial Court Proceedings

On December 23, 2021, the Stark County Grand Jury indicted Cooper on the following charges: trafficking in heroin in violation of Ohio Rev. Code § 2925.03(A)(1) and/or (A)(2), (C)(6)(e) (Count 1); possession of heroin in violation of Ohio Rev. Code § 2925.11(A), (C)(6)(d) (Count 2); trafficking in a fentanyl-related compound (Count 3); possession of a fentanyl-related compound in violation of Ohio Rev. Code § 2925.11(A), (C)(11)(d) (Count 4); aggravated trafficking in drugs in violation of Ohio Rev. Code § 2925.03(A)(2), (C)(1)(c) (Count 5); aggravated possession of drugs in violation of Ohio Rev. Code § 2925.11(A), (C)(1)(b) (Count 6); trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A)(2), (C)(4)(a) (Count 7); possession of cocaine in violation of Ohio Rev. Code § 2925.11(A), (C)(4)(a) (Count 8); and failure to comply with an order or signal of a police officer in violation of Ohio Rev. Code § 2921.331(B), (C)(5)(a)(i) and/or (ii) (Count 9).  (Doc. No. 7-1, Ex. 1.)  Cooper entered pleas of not guilty to all charges.  (Doc. No. 7-1, Ex. 2.)

On February 17, 2022, Cooper filed a motion to suppress evidence arising from the traffic stop, which he argued lacked the support of reasonable suspicion.  (Doc. No. 7-1, Ex. 3.)

4

On March 14, 2022, the trial court held an evidentiary hearing on the motion to suppress.  (Doc. No. 7-1, Ex. 6; Doc. No. 7-2.)

After the hearing, Cooper filed a written closing argument (Doc. No. 7-1, Ex. 4), to which the State responded.  (Doc. No. 7-1, Ex. 5.)

On March 31, 2022, the trial court denied Cooper's motion to suppress.  (Doc. No. 7-1, Ex. 6.)

The case proceeded to jury trial.  (Doc. No. 7-1, Ex. 7-9.)  On May 11, 2022, the jury acquitted Cooper of the trafficking counts but found him guilty of the remaining counts.  (*Id.*)

On May 16, 2022, the state trial court held a sentencing hearing.  (Doc. No. 7-1, Ex. 9.)  The trial court sentenced Cooper to a total aggregate sentence of eleven (11) to fourteen (14) years.  (*Id.*)

On August 5, 2022, the trial court issued a *nunc pro tunc* Judgment Entry of convictions and sentence.  (Doc. No. 7-1, Ex. 10.)

## B.      Direct Appeal

Cooper, through counsel, filed a timely notice of appeal to the Fifth District Court of Appeals.  (Doc. No. 7-1, Ex. 11.)  In his appellate brief, he raised the following assignments of error:

I.      Appellant's constitutional rights as guaranteed by the Fourth Amendment of the United States Constitution and Article I, Section 14 of the Ohio Constitution were violated when the trial court overruled Appellant's motion to suppress.

II.      In order for a defendant to be convicted of felony failure to comply with the order or signal of a police officer, the trial court must use a verdict form that either (a) states the degree of the offense, or (b) includes the "willful" mens rea language from R.C. 2921.33 l(B)-merely referencing the code section in the verdict form is insufficient as a matter of law.

III.      The trial court erred in imposing consecutive sentences without making the required findings pursuant to R.C. 2929.14(C)(4) depriving Appellant of due process contrary to the Fourteenth Amendment to the United States Constitution and corresponding rights under the Ohio Constitution.

IV.      As amended by the Reagan Tokes Act, the Ohio Revised Code's sentences for first and second degree qualifying felonies violates the Constitutions of the United States and the State of Ohio.

(Doc. No. 7-1, Ex. 12.) The State filed a brief in response. (Doc. No. 7-1, Ex. 13.)

On August 18, 2023, the state appellate court affirmed Cooper's convictions. (Doc. No. 7-1, Ex. 14.) *See also State v. Cooper*, 2023-Ohio-2897, 2023 WL 5321088, at *11.

On October 2, 2023, Cooper, through counsel, filed a Notice of Appeal with the Supreme Court of Ohio. (Doc. No. 7-1, Ex. 16.) In his Memorandum in Support of Jurisdiction, Cooper raised the following Proposition of Law:

> I. A police officer lacks reasonable, articulable suspicion to seize a motorist, under the United States and Ohio Constitutions, when after performing a random license plate check, the officer receives a possible "hit", with no other specific information known to the officer at the time of the seizure.

(Doc. No. 7-1, Ex. 17.) The State filed a response. (Doc. No. 7-1, Ex. 18.)

On December 12, 2023, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac.R. 7.08(B)(4). (Doc. No. 7-1, Ex. 19.)

On December 22, 2023, Cooper, through counsel, moved the Supreme Court of Ohio for reconsideration of its decision declining jurisdiction. (Doc. No. 7-1, Ex. 20.) The State opposed the motion for reconsideration. (Doc. No. 7-1, Ex. 21.)

On February 6, 2024, the Supreme Court of Ohio denied the motion. (Doc. No. 7-1, Ex. 22.)

**C.     Federal Habeas Petition**

On December 10, 2024, Cooper, through counsel, filed a Petition for Writ of Habeas Corpus in this Court and asserted the following ground for relief:

> **GROUND ONE**: Petitioner seeks relief on the ground that law enforcement conducted a traffic stop based solely on a vague "red" computer screen indicator—absent any specific, articulable facts suggesting criminal activity.
>
> > **Supporting Facts**: The officer relied solely on a vague "red" indicator from a computer system unfamiliar to him. No specific information such as the registered owner's name, physical description, or outstanding warrants, was provided before the stop. The officer did not observe any traffic violations prior to initiating the seizure. No verification through additional database checks (LEADS or teletype)

was sought to confirm criminal activity. The "red" indicator could have meant multiple, non-criminal issues such as expired tags. Without further details, the officer's suspicion was purely speculative and unsubstantiated.

(Doc. No. 1.)

### III. Non-cognizable Claim

Respondent argues that Cooper's Fourth Amendment claim is non-cognizable under the *Stone v. Powell* bar. (Doc. No. 7 at 10-11.) Respondent maintains that "Cooper does not claim that he was prevented from raising his Fourth Amendment issues at the suppression hearing or on appeal." (*Id.* at 10.) According to Respondent, "[s]ince Cooper merely disputes the correctness of the state court's decision on the Fourth Amendment claim and does not point to any impediment frustrating the presentation of the claim," Cooper cannot overcome the *State v. Powell* bar. (*Id.* at 10-11.)

Cooper responds that the traffic stop at issue "involved an egregious constitutional error, warranting federal habeas relief under the principles articulated in *Riley v. Gray*. . . ." (Doc. No. 9 at 2.) Cooper maintains that "[b]ecause the state courts failed to apply controlling Fourth Amendment principles and permitted a seizure based purely on speculation, Cooper's case satisfies the egregious error exception recognized in *Riley*."[1] (*Id.* at 6.) Cooper argues that his claim is more than "mere disagreement with the

---

[1] The Court notes that in *Riley*, in dicta, the Sixth Circuit commented that "When a petitioner alleges egregious error in the application of fourth amendment principles, of a magnitude and nature similar to the state court error present in *Gamble*, however, a federal habeas court **might** be justified in concluding that an opportunity for a full and fair hearing had not been afforded the petitioner." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (emphasis added). In *Gamble v. State of Oklahoma*, 583 F.2d 1161, 1165-66 (10th Cir. 1978), the Tenth Circuit found that the petitioner had not been afforded the opportunity for a full and fair hearing, and therefore the *Stone v. Powell* bar did not apply, where the state courts "did not recognize or apply" controlling Supreme Court precedent. In finding that "a federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the state court wilfully refuses to apply the correct and controlling constitutional standards," the Tenth Circuit explained that "[d]eference to state court consideration of Fourth Amendment claims does not require federal blindness to a state court's wilful refusal to apply the appropriate constitutional standard." *Id.* at 1165. The Tenth Circuit noted Gamble had argued the application of the controlling Supreme Court precedent to the state courts of appeal. *Id.* at 1163. Cooper makes no such argument here. While in an unpublished Table decision—a case Cooper does not cite—the Sixth Circuit described the *Riley* inquiry as "a review of whether the state provided an adequate

7

state courts' conclusions"; rather, the constitutional harm "involves a breakdown of the adjudicative process that denied Cooper the substantive protections guaranteed by the Fourth Amendment." (*Id.*)

The U.S. Supreme Court and the Sixth Circuit have set forth binding precent regarding the cognizability of Fourth Amendment claims brought for habeas review. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Lawrence v. 48th Dist. Court*, 560 F.3d 475, 483 n.7 (6th Cir. 2009). "Ordinarily, we do not recognize Fourth Amendment claims in Section 2254 actions if the state proceedings provided the petitioner full and fair opportunity to litigate that claim." *Lawrence*, 560 F.3d at 483 n.7 (citing *Powell*, 428 U.S. at 494). Specifically, in *Powell*, the Supreme Court found that "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494.

In considering a Fourth Amendment claim on habeas review, a district court must "make two distinct inquiries... [First,] whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim.... Second, ... whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted). If a petitioner cannot demonstrate both elements, then his Fourth Amendment claim is not cognizable. *Id.* In *Riley*, the Sixth Circuit held that by providing for the filing of a pretrial motion to suppress and the opportunity to directly appeal any ruling denying a suppression motion, Ohio has a mechanism in place for the resolution of Fourth Amendment claims, which "is, in the abstract, clearly adequate." *Riley*, 674 F.2d at 526. Therefore, the determination whether *Powell* applies turns solely on the resolution of the

---

mechanism to address Petitioner's Fourth Amendment claims, absent proof of 'egregious error in the application of fourth amendment principles....,'" *Abdul–Mateen v. Hofbauer*, No. 98–2323, 2000 WL 687653, at *3 (6th Cir. May 19, 2000), subsequent cases examining *Riley*, discussed *infra*, do not recognize any such exception.

second *Riley* inquiry.  *See Hillman v. Beightler*, No. 5:09-cv-2538, 2010 WL 2232635, at \*5 (N.D. Ohio May 26, 2010).  "[T]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim."  *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013).  The question before the Court is this: "Did the state courts permit the defendant to raise the claim or not?"  *Id.* at 640.

As another district court within this circuit has explained:

> Under *Stone,* however, the correctness of the state courts' conclusions is simply irrelevant. The courts that have considered the matter "have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar." *Gilmore v. Marks,* 799 F.2d 51, 57 (3d Cir.1986); *see also, Willett,* 37 F.3d at 1270 (citing cases). An argument directed solely at the correctness of the state court decision "goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant." *Siripongs v. Calderon,* 35 F.3d 1308, 1321 (9th Cir. 1994). Again, as succinctly put by the Seventh Circuit, "'full and fair guarantees the right to present one's case, but it does not guarantee a correct result." *Cabrera,* 324 F.3d at 532.

*Brown v. Berghuis*, 638 F. Supp. 2d 795, 812-13 (E.D. Mich. 2009).

Turning to the two inquiries discussed in *Riley*, this Court agrees with Respondent that Petitioner's Fourth Amendment claim is not cognizable on habeas review.  The record shows Cooper filed a motion to suppress with the state trial court. (Doc. No. 7-1, Ex. 3.)  The state trial court held a hearing on the motion to suppress and ordered post-hearing briefing.  (Doc. No. 7-2; *see also* Doc. No. 7-1, Ex. 6.)  The state trial court then issued a reasoned decision denying the motion to suppress.  (Doc. No. 7-1, Ex. 6.)  Cooper then appealed his Fourth Amendment claim to both the state appellate court and the Ohio Supreme Court.  (Doc. No. 7-1, Ex. 12, 17.)  Cooper does not assert any failure of the procedural mechanism that denied him an opportunity for a full and fair hearing.  (Doc. No. 10.)  Instead, it is clear from the record that Cooper was able to litigate his Fourth Amendment claim fully and fairly in the state courts and that he is unhappy with the result.

This Court recently rejected a similar argument:

> Fourth Amendment claims relating to alleged warrant defects are barred from federal habeas corpus review where a petitioner "had available [an] avenue...to present his claim to the state courts." *Good v. Berguis*, 729 F.3d 636, 639 (6th Cir. 2013) (citing *Powell*, 428 U.S. at 494). In *Powell*, the Supreme Court held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Powell*, 428 U.S. at 494. To evade this clearly established legal principle, Petitioner instead argues that the *adequacy* of available State court review mechanisms effectively foreclosed review or, more accurately, only permitted superficial review. (ECF No. 12, PageID #2694–97.) Specifically, Petitioner argues that "the Ohio courts misapplied federal constitutional standards by upholding a warrant that failed to expressly incorporate the affidavit as required by *Groh v. Ramirez*," 540 U.S. 551, 557–58 (2004). (ECF No. 12, PageID# 2697.) But Petitioner's quarrel lies with the merits of the State courts' adjudication. "An argument directed solely at the correctness of the state court decision 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'" *Brown v. Berghuis*, 638 F. Supp. 2d 795, 812–13 (E.D. Mich. 2009) (quoting *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994)). "[A]n erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar." *Id.* (quoting *Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986)).
>
> Under the law of this Circuit, "the *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claims to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good*, 729 F.3d at 639. In the absence of a sham proceeding, which Petitioner has not alleged and the record does not support in any event, there is no need to question the rigor of the State courts' proceedings. *Id.* Accordingly, Petitioner's dissatisfaction with the State courts' adjudication does not equate to lack of "full and fair" review. *Powell*, 428 U.S. at 494. As the record shows, Petitioner raised his Fourth Amendment argument at the State trial court level, to the State appellate level, and at the Ohio Supreme Court, though it declined review. (ECF No. 8-1, PageID #297–311, #596–671 & #408.) He had ample opportunity to raise, develop, and pursue the constitutional issue at the heart of his habeas petition and objections. Accordingly, Petitioner has received "full and fair" review, therefore, his Fourth Amendment claim is not cognizable on federal habeas review. *Stone*, 428 U.S. at 494.

*Bugno v. Hunsinger-Stuff*, Case No. 4:24-cv-348, 2025 WL 2101828, at \*\*1, 4-5 (N.D. Ohio July 28, 2025).

Again, "[a]n argument directed solely at the correctness of the state court decision "goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant." *Brown v. Berghuis*, 638 F. Supp. 2d at 812-13 (citation omitted).  *See also Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) ("In this case, the record reflects that petitioner was able to present his Fourth Amendment claims to the Michigan courts and that these claims were carefully considered and rejected at the trial level and on appeal. Machacek may be disappointed with his inability to persuade the Michigan courts that his statement was the product of an illegal arrest, but the record clearly shows that he received all the process he was due. Accordingly, any claims concerning the validity of his arrest are not cognizable on habeas review under the doctrine of *Stone v. Powell*.").

For all of the foregoing reasons, the undersigned recommends the Court find that Cooper's Fourth Amendment claim is non-cognizable under *Stone v. Powell*.

### V.      Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED.

Date: April 30, 2026                                    *s/ Jonathan Greenberg*
                                                        Jonathan D. Greenberg
                                                        United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**

11